NOT DESIGNATED FOR PUBLICATION

No. 116,826

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

WILLIAM MYERS III,
*Appellant*.


MEMORANDUM OPINION

Appeal from Reno District Court; JOSEPH L. MCCARVILLE III, judge. Opinion filed September 8, 2017. Vacated and remanded with directions.

Submitted for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).


Before GREEN, P.J., BUSER AND LEBEN, JJ.


LEBEN, J.: William Myers III appeals the district court's decision to send him to prison for 120 days as a sanction for his first probation violation, arguing that the district court abused its discretion by imposing the 120-day prison sanction rather than a shorter, two- or three-day stay in the county jail. We agree.

With some exceptions—none of which are applicable here—the district court's first use of an imprisonment sanction for a probation violation is limited to a two- or three-day stay in the county jail. Only after using a two- or three-day jail sanction, often called a "quick dip" by attorneys, can the court move to the greater sanction of a 120-day stay at a state prison. Because the district court entered a sanction not authorized by the applicable statute, it abused its discretion.

The district court convicted Myers for theft and felony possession of marijuana and put him on an 18-month probation. The court imposed an underlying 30-month prison sentence that he would have to serve if he didn't successfully complete probation. Given his conviction for a drug offense, it's no surprise that his probation included a requirement that he attend a drug-treatment program. The probation terms also required that he report to a probation officer and that he get approval before changing his residence.

About a month after sentencing, the State filed a motion to revoke Myers' probation, alleging that he had failed to attend the intake session for his drug-treatment program, had failed to report to his probation officer, and had failed to notify his probation officer of a change of residence. The district court ordered that a warrant be issued for Myers' arrest so that his appearance could be assured for a hearing on the violations. Myers was soon arrested, was unable to post the bond set by the court, and remained in jail for eight days pending a hearing on the State's motion.

At that hearing, Myers agreed that he had violated his probation. The State asked that he be sent to a state prison for 120 days as a sanction for violating his probation, followed by reinstatement of his 18-month probation. Myers' court-appointed attorney argued that Myers must first receive a two- or three-day jail sanction:

> "He understands that there is some sanction involved for failing to perform thus far. However, I don't think he's had the two or three day quick dip yet so I would suggest we need to go through that step first."

But the trial court adopted the State's suggestion, sending Myers to a state prison for 120 days as a sanction for violating his probation, to be followed by reinstatement of his probation for 18 months upon release.

The problem with the court's order is that it went well beyond what the court was statutorily allowed to do in response to a defendant's first probation violation, assuming that no new crimes had been committed and the defendant hadn't left town secretly or suddenly to avoid probation supervision. See K.S.A. 2016 Supp. 22-3716(c). Since those exceptions weren't even alleged here, the court had the ability to impose no more than a two- or three-day jail sanction. K.S.A. 2016 Supp. 22-3716(c)(1)(B). Before the court can impose a 120-day stay in state prison as a probation-violation sanction, the court must first have imposed at least one intermediate sanction of a two- or three-day confinement in the county jail. K.S.A. 2016 Supp. 22-3716(c)(1)(C).

In sum, the district court was authorized to send Myers to serve two or three days in the county jail as a sanction for violating his probation, followed by reinstatement of the 18-month probation. The court's actual order—a 120-day prison sanction—was unlawful.

At this point, we must discuss two other procedural matters that make this a bit of an odd case. First, in the district court's written order of the probation-violation hearing, the court noted under the section "VIOLATION SANCTION HISTORY" that it *had* already imposed a quick-dip sanction of eight days. That wasn't true. Myers had merely spent eight days in jail awaiting the hearing at which the court would determine whether he had violated his probation and, if so, what sanction should be ordered. The eight days he spent in jail awaiting that hearing certainly cannot be considered a quick-dip sanction, especially since the court couldn't have ordered him to spend more than 3 days in jail.

Second, Myers' appointed appellate counsel apparently accepted the district court's written statement about those eight days and presumed that the district court had, in fact, initially entered appropriate quick-dip sanctions totaling eight days. A district court can use quick-dip sanctions more than once so long as the total doesn't exceed 18 days.

3

K.S.A. 2016 Supp. 22-3716(c)(1)(B). On its face, the court's written order would suggest that the court had properly entered multiple quick-dip sanctions totaling eight days before entering the 120-day prison sanction.

Myers' attorney presumably accepted that premise and filed a motion seeking summary disposition of the appeal, which is a mechanism available only when "no substantial question is presented by the appeal." Supreme Court Rule 7.041A(a). (2017 Kan. S. Ct. R. 48). We accepted the appeal for summary disposition under K.S.A. 2016 Supp. 21-6820(g) and (h) and Rule 7.041A. Based on the written order saying that Myers had first served eight days of quick-dip sanctions, Myers' attorney claimed in the motion before us "that the district court abused its discretion in denying his request *for another jail sanction* because he violated his probation due to his lack of financial resources." (Emphasis added.) Had Myers received at least one quick-dip sanction, his appeal would not have merit—and thus would have presented no substantial question—because once a defendant has received one quick-dip sanction, the court can proceed to the 120-day prison sanction. K.S.A. 2016 Supp. 22-3716(c)(1)(C).

But these procedural matters do not affect the result here. Even in a summary-disposition appeal, the court reviews the record that was before the sentencing court. K.S.A. 2016 Supp. 21-6820(h); Rule 7.041A(b). That record shows, as we have set out here, that Myers did not receive a quick-dip sanction. And the basic claim made by Myers' attorney on appeal was that the district court abused its discretion by not giving him a jail sanction. That his attorney referred to it as "another jail sanction" should not change the result. Myers' attorney alleged that the trial court had abused its discretion; indeed, it did. A court abuses its discretion when it rules contrary to the law. *State v. Chapman*, 306 Kan. 266, Syl. ¶ 2, 392 P.3d 1285 (2017).

So we've established that the district court abused its discretion when it imposed a 120-day prison sanction instead of a sanction of two or three days in jail. The court did

have the authority to reinstate probation for another 18 months, but it did so here for an 18-month period starting *after* the 120-day prison stay. Instead, the reinstated probation should have started after a two- or three-day jail stay. At this point, Myers has served the 120-day prison sanction and returned to probation. We don't know what has happened since then. If his probation has not been revoked for some other reason while this appeal has been pending, then he would be entitled to an amended order shortening his probation term by 117 days. (We will assume, since the district court chose a 120-day prison sanction, that had it entered a legal order it would have chosen a three-day jail stay over a two-day one.)

We therefore vacate the district court's sanction orders contained in its written journal entry of the probation-revocation ruling filed September 6, 2016. We remand the case to the district court with directions to enter a new journal entry showing the entry of a three-day jail sanction and for any other relief that may be warranted consistent with this opinion. In the event the defendant is still serving the 18-month probation that began on his release from the 120-day prison sanction and has not had any further probation revocation and reinstatement, that relief would include shortening his probation by 117 days.